UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA CANTERO,<br><br>        Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>        Defendant. | Case No. 2:25-cv-06837-SB-PD<br><br><br>ORDER GRANTING MOTION TO REMAND [DKT. NO. 16] AND DENYING REQUEST FOR ATTORNEY'S FEES |

Plaintiff Angelina Cantero filed this action in state court on March 5, 2025, alleging claims under California's Song–Beverly Consumer Warranty Act and the federal Magnuson–Moss Act. Defendant General Motors LLC answered the case on April 24 but waited three more months—until July 25—to remove the case, invoking diversity jurisdiction. The notice of removal conclusorily alleges that Defendant "[i]n the last 30 days" had "conducted a preliminary investigation" and determined, based on unspecified information, that the case was subject to federal jurisdiction. Dkt. No. 1 at 2. Plaintiff timely moved to remand, challenging the timeliness of removal. Dkt. No. 16. The Court finds this matter suitable for decision without oral argument and vacates the September 19 motion hearing. Fed. R. Civ. P. 78; L.R. 7-15. The motion is granted.

A defendant must file a notice of removal within 30 days of either (1) being served with a complaint that establishes federal jurisdiction on its face or (2) "if the case stated by the initial pleading is not removable," receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). For the latter, the removal clock is triggered only when the ground for removal is "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021). Defendant bears the burden of proving that removal was proper, and the "strong presumption" against removal jurisdiction requires remand "if there is any doubt as to the right of removal in the first

1

instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992); *see, e.g.*,
*Baumann v. BMW of N. Am., LLC*, No. 17-CV-01707-BRO, 2017 WL 1538155, at
*5 (C.D. Cal. Apr. 26, 2017) (applying *Gaus* presumption and finding removal of
lemon-law case untimely).

Because the complaint alleges a claim under the Magnuson–Moss Act, the
case was removable based on federal-question jurisdiction if the amount in
controversy exceeded $50,000. *See* 15 U.S.C. § 2310(d) (creating private cause of
action for consumers but permitting claims to be filed in federal courts only if the
amount in controversy is at least "$50,000 (exclusive of interests and costs)
computed on the basis of all claims to be determined in this suit"). The parties
dispute whether the case was removable based on either the original complaint or
the retail installment sales contract (RISC), which Plaintiff produced to Defendant
on June 23—more than 30 days before removal. Defendant insists that neither
document made it clear that federal jurisdiction existed, but it identifies no other
information it discovered as part of its preliminary investigation that disclosed the
removability of the case.

On this record, Defendant has not shown that its removal was based on any
information obtained within the 30 days before removal, rather than on the
information in the original complaint and the RISC and related production.
Defendant argues that cases are divided on various issues of damages calculations,
casting doubt on whether removal would have been proper sooner. *E.g.*, Dkt. No.
29 at 2–3 (explaining that Ninth Circuit cases "have not been consistently applied"
and describing different approaches among district courts); *id.* at 12 (noting
"discordant authority as to whether the Song Beverly damages may be aggregated
to meet the [Magnuson–Moss] threshold"). But any doubt must be resolved in
favor of remand. *Gaus*, 980 F.2d at 566. Particularly in light of the strong
presumption against removal, Defendant has not met its burden to show that the
removal was timely. Plaintiff's motion is therefore granted, and the case is
remanded to the Los Angeles County Superior Court.

The Court declines to exercise its discretion under 28 U.S.C. § 1447(c) to
award attorney's fees and costs.

Date: September 12, 2025

                                          Stanley Blumenfeld, Jr.
                                   United States District Judge